VERNA SCALF, Appellant, *v.* NEVADA STATE DEPARTMENT OF HUMAN RESOURCES, Respondent.

No. 20019

November 28, 1990                    801 P.2d 1359

*James Fallman,* Fair Oaks, California, for Appellant.

*Brian McKay,* Attorney General, *Cynthia A. Pyzel,* Deputy Attorney General and *Nancy Angres,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

On January 9, 1989, the district court entered an order terminating appellant Verna Scalf's parental rights as to four of her children. The district court found that Scalf had been shown by clear and convincing evidence to have (1) subjected her children to chronic, intermittent neglect since 1984; (2) failed to adjust to become a proper parent within a period of over eighteen months, despite the efforts of the agencies involved; and (3) made only token efforts to avoid being an unfit parent to her children. Scalf appealed the district court's order and oral argument was heard in this court on February 12, 1990. Following oral argument, we entered an order holding this appeal in abeyance for six months. We directed the parties to work toward the goal of reunifying appellant and her children, and to file reports concerning their efforts at reunification at the conclusion of the six-month period. The six months have now elapsed and the parties have filed their reports.

Termination of parental rights is a two-part inquiry. First, there must be jurisdictional grounds for termination. Jurisdictional grounds relate to "parental conduct or incapacity" and are

"found in some specific fault or condition directly related to the parents." Champagne v. Welfare Division, 100 Nev. 640, 646-47, 691 P.2d 849, 854 (1984). If jurisdictional grounds for termination are not found, the inquiry ends. *Id.* at 647, 691 P.2d at 854. If jurisdictional grounds are found, the inquiry turns to whether there are dispositional grounds for termination. Dispositional grounds relate "to the best interest of the child," and "focus[] on the placement which will be most beneficial to the child." *Id.* Because of the tremendous value placed on parental rights, the grounds for termination of parental rights must be established by clear and convincing evidence. *Id.* at 648, 691 P.2d at 854.

Scalf contends that the evidence on which the termination of her parental rights was based was not clear and convincing. Based on our review of the briefs, the oral argument of the parties, and the reports of the parties submitted in response to our order, we conclude that there was clear and convincing evidence to support the district court's finding of jurisdictional grounds for termination based on failure of parental adjustment. NRS 128.0126, 128.109, *see also* NRS 128.108. Having determined that jurisdictional grounds were correctly found on this basis, it is unnecessary for us to discuss other findings supporting jurisdictional grounds. Further, we also conclude that there was clear and convincing evidence to support dispositional grounds for the termination of Scalf's parental rights. We are cognizant of the gravity of our decision and, as demonstrated by our order holding this appeal in abeyance for six months, we do not make it lightly. However, as we stated in *Champagne,* the time finally comes when society must give up on a parent. *Champagne,* 100 Nev. at 651, 691 P.2d at 857. We reluctantly conclude that this time has come in regard to Scalf. Accordingly, we affirm the order of the district court.